JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:19-cv-00083-R | Date | 08-02-2019 |
|---|---|---|---|
| | USBC Central District of California at Santa Ana, 8:16-bk-11882-ES; Adversary Number, 8:16-ap-01247-ES | | |
| | 8:19-cv-00016-R | | |
| | Adversary Number, 8:16-ap-01247-ES | | |
| | USBC Central District of CA Santa Ana Division, 8:16-bk-11882-ES | | |
| Title | *In re Stephen J. Haythorne* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) Order re: Bankruptcy Appeal (8:19-cv-00016-R) and Cross-Appeal (8:19-cv-00083-R) re Bankruptcy Court's Order Granting in Part and Denying in Part Motion for Default Judgment**

## I.   INTRODUCTION

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Central District of California. In ruling on Appellee Hugh C. Damon's ("Damon") Motion for Default Judgment, the bankruptcy court entered default judgment in favor of Damon on his claim for relief made pursuant to 11 U.S.C. § 523(a)(2)(A) and denied judgment for Damon on his claims made pursuant to § 523(a)(4). For the following reasons, the Court **AFFIRMS** the Order of the bankruptcy court.

## II.   FACTUAL BACKGROUND

In or about 2011, Haythorne solicited a business loan from Damon in the amount of $460,000 on behalf of StellarCapital, Inc. ("Stellar"). Also in 2011, Damon asserts that he and Haythorne entered into a "joint venture business" to provide mortgage financing and that they organized Mortgage Fund Hawaii, LLC ("MFH") for that purpose. Damon contends that he and Haythorne agreed to split MFH's profits equally between the two of them.

Damon states that in or about 2013, he learned that Haythorne had allegedly instructed his accountant that Damon was the sole member of MFH for tax purposes and that Haythorne had allegedly forged Damon's signature on a filing with the California Secretary of State in 2013 for the purpose of showing that Damon was the only member of MFH. Additionally, from 2012 through mid-2013, Haythorne allegedly caused Stellar to transfer funds from MFH to Stellar's account at American Security Bank, resulting in the misappropriation of MFH's profits. Damon sued Haythorne in the First Circuit Court of the State of Hawaii in 2014 and was granted partial summary judgment in his favor on

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-00083-R<br>USBC Central District of California at Santa Ana, 8:16-bk-11882-ES<br><br>8:19-cv-00016-R<br>Adversary Number, 8:16-ap-01247-ES<br>USBC Central District of CA Santa Ana Division, 8:16-bk-11882-ES | Date | 08-05-2019 |
|---|---|---|---|
| Title | *In re Stephen J. Haythorne* | | |

March 7, 2016. Damon asserts that the Hawaii court found Stellar to be the alter ego of Haythorne.

Around the same time as the Hawaii suit was completed, Haythorne relocated to California. On May 3, 2016, he filed a Chapter 7 bankruptcy petition, commencing the case entitled *In re Stephen J. Haythorne*, No. 8:16-bk-11882-ES.

On November 14, 2016, Damon filed a complaint objecting to Haythorne's discharge of debts owed to Damon pursuant to 11 U.S.C. § 523. Damon alleged three claims for relief. The first was for false pretenses, false representation, and/or actual fraud under 11 U.S.C. § 523(a)(2)(A). In support of this claim, Damon alleged that Haythorne was the alter ego of Stellar and that he had committed fraud with respect to the $640,000 loan. The second claim for relief was for non-dischargeability of debt due to embezzlement pursuant to 11 U.S.C. § 523(a)(4). In support of this claim, Damon alleged that Haythorne was in rightful possession of MFH's profits as a joint owner and de facto manager of MFH, that Haythorne transferred funds totaling $1,527,528.11 out of MFH's account without Damon's consent and used them for his own purposes and those of Stellar, and that this conduct amounted to embezzlement. The third claim for relief was for fraud and/or defalcation while acting in a fiduciary capacity pursuant to 11 U.S.C. § 523(a)(4). In support of this claim, Damon alleged that Haythorne was a fiduciary pursuant to California Corporations Code § 17704.09, that he owed duties of loyalty and care to Damon and MFH, and that he "engaged in fraud and defalcation . . . by, including but not limited to, forging documents, embezzling and misappropriating MFH's funds and engaging in knowing violations of law in his management of MFH's business operations and assets, including mortgage lending regulations that governed MFH's business operations and California penal code section 473, which provides that forgery a crime."

Haythorne failed to comply with discovery orders of the bankruptcy court, including an order compelling the production of documents. In a subsequent contempt proceeding regarding Defendant's failure to abide by the compel order, the bankruptcy court issued terminating sanctions as to Defendant, striking his answer and entering default. Then, on November 2, 2018, Damon filed his Motion for Default Judgment.

The bankruptcy court issued a tentative ruling, later adopted in the Judgment, granting default judgment in favor of Damon on his § 523(a)(2)(A) claim but denying default judgment on the § 523(a)(4) claims "due to insufficiency of evidence of profit damages." (No. 8:19-cv-00016-R, DE 8). Explaining its reasoning for denying default judgment on the § 523(a)(4) claims, the court went on to state that "the information provided showing money coming in and out of the [MFH] account do not show how much was *profit*. On this point, the court agrees with Defendant's argument." *Id.* (emphasis in

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-00083-R<br>USBC Central District of California at Santa Ana, 8:16-bk-11882-ES<br><br>8:19-cv-00016-R<br>Adversary Number, 8:16-ap-01247-ES<br>USBC Central District of CA Santa Ana Division, 8:16-bk-11882-ES | Date | 08-05-2019 |
|---|---|---|---|
| Title | ***In re Stephen J. Haythorne*** | | |

original). Both Damon and Haythorne now appeal the Judgment of the bankruptcy court.

On March 27, 2019, Haythorne filed his Opening Brief in these appeals, arguing, among other things, that Damon "has failed to prove fraud by Debtor," that "[t]he Bankruptcy Court ignored the fact that [Damon] received payments of interest and principal because the payments from Debtor to [Damon] were tendered from an entity different form [sic] the original entity on the note," that Damon "received payoff on the note (Exhibit 4), breached the contract between Plaintiff and Debtor (Exhibit 5), and that there was "No Fraud, Negligence, or Malicious intent on behalf or [sic] Debtor." (No. 8:19-cv-00083-R, DE 8).

## III. **JUDICIAL STANDARD**

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1); *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992).

A trial court's decision to order entry of default, or to enter default judgment, is reviewed for abuse of discretion. *Speiser, Krause & Madole, P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001). In applying an abuse of discretion test, this Court must first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). If it did not, the court abused its discretion. *Id.* If the bankruptcy court identified the correct legal rule, the reviewing court must then determine whether its "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 577 (1985)). A discretionary decision will be reversed only if it is "based on an erroneous conclusion of law or when the record contains no evidence on which [the trial court] rationally could have based the decision." *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988) (alteration in original) (citing *Hill v. INS (In re Hill)*, 775 F.2d 1037, 1040 (9th Cir. 1985)).

## IV. **DISCUSSION**

A "default establishes the well-pleaded allegations of a complaint unless they are . . . contrary to facts judicially noticed or to uncontroverted material in the file." *Cashco Fin. Servs. v. McGee (In re McGee)*, 359 B.R. 764, 772 (B.A.P. 9th Cir. 2006) (quoting *Anderson v. Air West Inc. (In re Consol. Pretrial Proceedings in Air West Secs. Litig.)*, 436 F. Supp. 1281, 1285-86 (N.D. Cal. 1977)). "[T]he party in whose favor a default has been entered is entitled to the benefit of all reasonable inferences from the evidence tendered, and attempts by the party against whom a default has been entered to attack the validity of the allegations deemed proven by the default are to be strictly circumscribed. [citations] This

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:19-cv-00083-R<br>USBC Central District of California at Santa Ana, 8:16-bk-11882-ES<br><br>8:19-cv-00016-R<br>Adversary Number, 8:16-ap-01247-ES<br>USBC Central District of CA Santa Ana Division, 8:16-bk-11882-ES | Date | 08-05-2019 |
|---|---|---|---|
| Title | ***In re Stephen J. Haythorne*** | | |

is so because a contrary rule would work to the benefit of the party who has obstructed the adjudication of an alleged wrongdoing by refusing to answer or otherwise defend, a result repugnant to the American system of justice." *Air West*, 436 F. Supp. at 1285-86. Further, in the context of a motion for default judgment, "the function of the trial court is not to weigh conflicting evidence; rather, the court must make the sole determination whether the allegations of the party in whose favor the default has been entered are susceptible of proof." *Id*. "[G]iven conflicting but legitimate evidence on both sides, the court is bound to enter judgment for the party in whose favor the default has been entered." *Id.*

The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the bankruptcy court's tentative ruling states that the court reviewed Haythorne's evidence against Damon's § 523(a)(2)(A) claim and found that "none of it demonstrates that any money [Haythorne] received from [MFH] was on account of repayment of the loan to Stellar. Further under the standard for default judgment, [Haythorne] provided sufficient prove up re Stellar as the alter ego of Defendant. Under the doctrine of alter ego, a plaintiff may pierce the corporate veil and seek recovery from the individual principal." (No. 8:19-cv-00016-R, DE 8). This discussion indicates that the court identified the correct legal standard. The court did not abuse its discretion by ignoring the evidence presented by Haythorne, as he alleges in these appeals, since Haythorne was not entitled to have his evidence weighed against Damon's. The court determined that Damon's complaint sufficiently proved Haythorne's liability under § 523(a)(2)(A), and there is nothing in the record, including Haythorne's appellate briefs, to suggest that the court's application of the correct legal standard to the facts of the case was illogical, implausible, or otherwise unsupported. Accordingly, the Court **AFFIRMS** the bankruptcy court's grant of default judgment in favor of Damon on the § 523(a)(2)(A) claim.

As for the § 523(a)(4) claims, Damon argues that the bankruptcy court improperly considered Haythorne's evidence that he did not unlawfully transfer funds from the MFH account since the court "agree[d] with [Haythorne's] argument." (No. 8:19-cv-00016-R, DE 8). However, the court's tentative ruling does not show that it weighed the evidence presented by both sides and found Haythorne's evidence more convincing. Rather, the court determined that Damon had failed to provide sufficient evidence that the money coming in and out of the MFH account was "profit," as opposed to other funds. Damon argued, and continues to argue here, that he was entitled to 50% of the profits from MFH. However, the bankruptcy court found that the evidence before it was insufficient to distinguish between "profit" and other MFH funds and to trace the allegedly misappropriated funds back to such profits.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **8:19-cv-00083-R**<br>USBC Central District of California at Santa Ana, 8:16-bk-11882-ES<br>**8:19-cv-00016-R**<br>Adversary Number, 8:16-ap-01247-ES<br>USBC Central District of CA Santa Ana Division, 8:16-bk-11882-ES | Date | 08-05-2019 |
|---|---|---|---|
| Title | ***In re Stephen J. Haythorne*** | | |

Thus, the bankruptcy court did not improperly weigh the evidence and, therefore, did not abuse its discretion. Accordingly, the Court **AFFIRMS** the bankruptcy court's denial of default judgment on Damon's § 523(a)(4) claims.

### V.   CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Judgment of the bankruptcy court.

**IT IS SO ORDERED.**

                                                                                            0   :   00

                                                                         Initials of Preparer        cch